**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **CHARLES BROWNING** ) | |
| ) | **Civil Action No.** |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **TRANS UNION, LLC, EQUIFAX** ) | |
| **INFORMATION SERVICES LLC,** ) | |
| **and LEXISNEXIS RISK DATA** ) | |
| **RETRIEVAL SERVICES LLC** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## COMPLAINT

1.      This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

3.      Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## PARTIES

4.      Plaintiff, Charles Browning is an adult individual residing at 1908 Rosedale Road, Mobile, AL 36605.

5.      Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in the Eastern District of Pennsylvania and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant, Equifax Information Services LLC ("Equifax") is a business entity which regularly conducts business in the Eastern District of Pennsylvania, and has a principal place of business located at 6 Clementon Road, East, Suite A2, Gibbsboro, New Jersey 08026.

7.      Defendant, LexisNexis Risk Data Retrieval Services LLC ("Lexis") is a business entity that provides background screening services, decisions-making intelligence, and operates as a consumer reporting agency and furnisher of credit information.  Lexis regularly conducts business in the Eastern District of Pennsylvania and has a principal place of business at 1000 Alderman Drive, Alpharetta, GA, 30005.

## FACTUAL ALLEGATIONS

8.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties ("inaccurate information").

9.      The inaccurate information includes an unpaid civil judgment belonging to Plaintiff's son.

10.     The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a consumer and Plaintiff's creditworthiness.

11.     Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer reports that they have disseminated and resold to various persons, both known and unknown.

12.     The inaccurate information reporting on Plaintiff's credit reports is not directly derived from government records or court dockets.  The original supplier of this inaccurate information to Trans Union and Equifax was Lexis, or Lexis' corporate predecessor and/or its

contractors.  Lexis or its corporate predecessor through its contractors obtains select information from court and government records, not the complete or actual public records, and then molds and fabricates that select information into the format which it sells to Trans Union, Equifax and other third parties to be placed upon consumer credit reports.

13.     The actual public record relating to this judgment at issue in this case states that the judgment is against the Plaintiff's son.

14.     Nevertheless, Trans Union and Equifax are inaccurately reporting the judgment against the Plaintiff.  This judgment should never have been included in Plaintiff's credit file and report.

15.     Lexis continues to report the inaccurate information, as it has not updated the select information that it compiles and sells regarding with the judgment entered against Plaintiff's son, and it instead continues to inaccurately report and verify the incorrect judgment to Trans Union, Equifax and/or other third parties.

16.     Plaintiff has disputed the inaccurate information online with Equifax, by following Equifax's established procedures for disputing consumer credit information, beginning in or around July 2012.

17.     Despite Plaintiff's efforts, Equifax never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; or (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information.

18.     Further, Lexis, as the original supplier and as a credit furnisher of this information, was advised of Plaintiff's disputes through Equifax.  Despite these disputes, Lexis

failed to investigate and correct the inaccurate judgment within 30 days as required by the FCRA.

19.     Notwithstanding Plaintiff's efforts, Equifax and Lexis intends to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.  Equifax has repeatedly published and disseminated consumer reports to such third parties from at least March 2012 through the present.

20.     Despite Plaintiff's exhaustive efforts to date, Equifax and Lexis have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable investigations and/or reinvestigations of the above disputes as required by the FCRA, failed to remove the inaccurate information, failed to report on the results of their investigations and/or reinvestigations to all credit reporting agencies and continued to report the derogatory inaccurate information about Plaintiff.

21.     Further, in connection with Plaintiff's request for his consumer file from Trans Union, Defendant has failed to provide Plaintiff a complete and proper copy of his file.

22.     As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of lost credit opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

23.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

24.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and the rights of the Plaintiff herein.

<u>COUNT ONE - VIOLATIONS OF THE FCRA</u>
<u>TRANSUNION</u>

25.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

26.     At all times pertinent hereto, Trans Union was a "person" and "consumer reporting agency as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

27.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

28.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

29.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, TransUnion is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681e(b) and 1681g.

30.     The conduct of Trans Union was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Trans Union is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT TWO - VIOLATIONS OF THE FCRA
## EQUIFAX

31.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

32.     At all times pertinent hereto, Equifax is a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

33.     At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

34.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §§ 1681a(d).

35.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a credit reporting agency pursuant to 15 U.S.C. § 1681e(b) and 1681i.

36.     The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Equifax is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT THREE - VIOLATIONS OF THE FCRA
## LEXIS

37.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

38.     At all times pertinent hereto, Lexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f), and also a "furnisher" of credit information.

39.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

40.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

41.     Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Lexis is liable to the Plaintiff for willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute in violation of 15 U.S.C. § 1681i, willfully and negligently failing to prepare Plaintiff's report by following procedures that assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b), and willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

42.     The conduct of Lexis was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Lexis is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY DEMAND

2.     Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)      Statutory damages;

(b)      Actual damages;

(c)      Punitive damages;

(d)      Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and

1681o; and

(e)      Such other and further relief as may be necessary, just and proper.

Respectfully Submitted,

**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark Mailman_
         MARK MAILMAN, ESQUIRE
         GREGORY GORSKI, ESQUIRE
         Land Title Building, 19th Floor
         100 South Broad Street
         Philadelphia, PA 19110
         (215) 735-8600

Dated:  March 14, 2013                    *Attorneys for Plaintiff*